1

2

3

4

5                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
6                            AT SEATTLE

7     CHRISTOPHER RYAN SAADE,

8                          Plaintiff,

9          v.

10    THE STATE OF WASHINGTON
      DEPARTMENT OF HEALTH,
11    TIMOTHY J. FENIMORE, individually
      and in his official capacity as an agent of
12    the DEPARTMENT OF HEALTH, THE          C19-470 TSZ
      CITY OF BELLEVUE, a Washington
13    municipal corporation, ELLEN M.        ORDER
      INMAN, individually and in her official
14    capacity as an officer of the CITY OF
      BELLEVUE POLICE DEPARTMENT,
15    RACHEL M. NEFF, individually and in
      her official capacity as an officer of the
16    CITY OF BELLEVUE POLICE
      DEPARTMENT, and DOES 1-10, jointly
17    and severally,

18                         Defendants.

19          THIS MATTER comes before the Court on the Bellevue Defendants' Rule

20    12(b)(6) Motion to Dismiss, docket no. 8, brought by Defendants City of Bellevue,

21    Ellen M. Inman, and Rachel M. Neff and the State Defendants' Rule 12(b)(6) and

22    (12)(b)(1) Motion to Dismiss, docket no. 9, brought by the State of Washington

23

ORDER - 1

1  Department of Health and Timothy J. Fenimore.  Having reviewed all papers filed in

2  support of and in opposition to the motions, the Court enters the following order.

3  **<u>Background</u>**

4      Plaintiff Christopher Ryan Saade ("Saade") alleges that an agent of the State of

5  Washington Department of Health ("DOH") and officers of the City of Bellevue violated

6  his civil rights in conjunction with ongoing parallel agency and criminal investigations.

7  As a result, Saade has sued the Defendants alleging various federal and state law claims.

8      In 2016, Saade was employed by Bellevue Medical Imaging as a radiologic

9  technician.  Complaint, docket no. 1 ("Compl.") ¶ 19.  In March 2016, Bellevue Medical

10  Imaging filed a complaint with DOH after one of Saade's former patients called to report

11  concerns regarding an incident in which Saade took x-ray images of her back.  *Id.* ¶ 20.

12  DOH assigned Timothy J. Fenimore ("Fenimore") to investigate the complaint against

13  Saade.  *Id.* ¶ 21.  Fenimore emailed Saade to inform him that a complaint for

14  unprofessional conduct and sexual misconduct had been filed against him.  *Id.*  Shortly

15  afterwards, the patient also filed a complaint with the Bellevue Police Department, and

16  the case was assigned to Detective Ellen M. Inman ("Inman").  *Id.* ¶ 23.

17      Inman and Fenimore subsequently agreed to "work together on the investigation."

18  *Id.* ¶¶ 25-26.  Without notifying Saade of the City of Bellevue's parallel criminal

19  investigation, Fenimore set up an interview with Saade, stating that he "would be

20  subpoenaed if he would not agree to appear voluntarily."  *Id.* ¶ 28.  When Saade appeared

21  for his interview at the DOH office in April 2016, Fenimore, as well as both Inman and

22  Officer Rachel M. Neff ("Neff"), were present.  *Id.* ¶¶ 35-36.

23

Inman and Neff conducted the interview, giving the following preliminary

instructions: "I know they have bathrooms and other vending machines if you need a

drink or anything like that.  All right.  So the reason that you're—I know you've been

notified by the Department of Health that there was a complaint filed."  *Id.* ¶¶ 36-37.

Inman and Neff did not inform Saade that there was an ongoing parallel criminal

investigation.  *Id.* ¶ 32.  The interview lasted two hours and twenty minutes.  *Id.* ¶ 38.

Neff later testified that Saade was subject to a "criminal interrogation" during the

interview.  *Id.* ¶ 36.  At the conclusion of the interview, Saade was informed of the City

of Bellevue's ongoing parallel criminal investigation for the first time.  *Id.* ¶ 38.

Fenimore also sent Saade a "Letter of Cooperation," stating that Saade was only

obligated to provide written responses to materials as part of the DOH investigation

rather than appear for an in-person interview.  *Id.* ¶ 30.  All Defendants now move to

dismiss Saade's complaint.

## Discussion

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not

provide detailed factual allegations, it must offer "more than labels and conclusions" and

contain more than a "formulaic recitation of the elements of a cause of action."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than

mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a

claim, such deficiency should be "exposed at the point of minimum expenditure of time

and money by the parties and the court."  *Id.* at 558.  A complaint may be lacking for one

of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a

cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

In a Rule 12(b)(1) motion, defendants present a facial, rather than a factual, jurisdictional challenge.  A facial attack asserts that the allegations of the complaint are insufficient on their face to invoke federal jurisdiction, while a factual challenge disputes the truth of the allegations in the complaint that would otherwise support subject-matter jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).  With respect to a facial challenge under Rule 12(b)(1), a plaintiff is entitled to the same safeguards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Friends of Roeding Park v. City of Fresno*, 848 F. Supp. 2d 1152, 1159 (E.D. Cal. 2012).  The allegations of the complaint are presumed to be true, and the Court may not consider matters outside the pleading without converting the motion into one for summary judgment.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

**A.      Count I: Defendants' motions to dismiss Plaintiff's Fourth Amendment claim are DENIED in part, GRANTED in part, and DEFERRED in part.**

      (1)      <u>State Defendants[1]</u>

Saade's Fourth Amendment claim pursuant to Section 1983 against DOH and Fenimore in his official capacity is DISMISSED with prejudice.  Neither state agencies nor state officials acting in their official capacities[2] are persons within the meaning of Section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Court DEFERS ruling on Saade's Fourth Amendment claim against Defendant Fenimore in his individual capacity.

      (2)      <u>Bellevue Defendants</u>

Whether the Bellevue Defendants violated Saade's Fourth Amendment right involves genuine issues of material fact.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. Amend. IV.  A person is "seized" within the meaning of the Fourth Amendment when a police officer, "by means of physical force or show of authority, terminates or

---

[1] Saade also names "Does 1-10" as defendants in this action.  To date, he has not specifically identified any of these defendants by name, capacity, position, or conduct.  *See* Compl. ¶ 17.  The Court DISMISSES Saade's claims against defendants Does 1 through 10 without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

[2] In Counts I-IX, Saade names Defendant Fenimore in both individual and official capacities.  The Court addresses each claim as to each capacity.  The Court acknowledges that Saade also names Defendants Inman and Neff in both individual and official capacities.  However, since the analysis as to each capacity does not differ, "Bellevue Defendants" refers to Defendants City of Bellevue as well as Neff and Inman in *both* their individual and official capacities.

1 restrains his freedom of movement, through means intentionally applied." *Brendlin v.*

2 *California*, 551 U.S. 249, 254 (2007).  A "seizure" occurs when a reasonable person

3 would not feel free to leave.  *United States v. Al Nasser*, 555 F.3d 722, 728 (9th Cir.

4 2009).  "Examples of circumstances that might indicate a seizure, even where the person

5 did not attempt to leave, would be the threatening presence of several officers . . . or the

6 use of language or tone of voice indicating compliance with the officer's request might be

7 compelled."  *United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

8       Police are entitled to invite witnesses, including suspects, to interviews for

9 questioning.  The question is thus whether, "taking into account all of the circumstances

10 surrounding the encounter, the police conduct would have communicated to a reasonable

11 person that he was not at liberty to ignore the police presence and go about his business."

12 *U.S. v. Washington*, 387 F.3d 1060, 1068 (9th Cir. 2004) (quoting *Florida v. Bostick*, 501

13 U.S. 429, 437 (1991)).

14       Here, two law enforcement officers and a DOH agent interviewed Saade in a

15 conference room for two hours and twenty minutes.  Compl. ¶¶ 35-38.  Prior to his arrival

16 at the DOH office, Saade did not know that the law enforcement officers would also be at

17 the interview.  *Id*. ¶ 38.  Defendant Neff later described this interview as a "criminal

18 interrogation."  *Id*. ¶ 36.  Defendant Inman informed Saade that if he needed to use the

19 restroom or if he needed a snack, he could use the restrooms and vending machines in the

20 building's hallway.  *Id*. ¶ 37.

21       Assuming the truth of Saade's allegations and drawing all reasonable inferences in

22 his favor, the Court cannot decide as a matter of law that a reasonable person in Saade's

23

1    circumstances would have felt free to leave the interview with Defendants and "go about

2    his business."  Whether a reasonable person would have felt free to leave is thus a

3    question subject to factual dispute precluding dismissal on the pleadings.[3]

4    **B.    Count II: Defendants' motions to dismiss Plaintiff's Fifth Amendment claim**

5    **are GRANTED.**

6         (1)    <u>State Defendants</u>

7              (a)    Saade's Fifth Amendment claim against DOH and Fenimore in his

8    official capacity is DISMISSED with prejudice.  Neither state agencies nor state

9    officials acting in their official capacities are persons within the meaning of

10   Section 1983.  *Will*, 491 U.S. at 71.

11             (b)    Saade's Fifth Amendment claim against Defendant Fenimore in his

12   individual capacity is DISMISSED without prejudice.  The Fifth Amendment

13   provides that: "No person . . . shall be compelled in any criminal case to be a

14   witness against himself."  U.S. Const. Amend. V.  As Saade concedes (docket no.

15   15 at 14-15), there are no criminal proceedings in which Saade can be a witness

16   against himself at this time.[4]

17

18

19   _____

20   [3] The Court notes that the Bellevue Defendants solely rely on the defense that the interview did not
     constitute a "seizure" (docket 8 at 6-7 and docket 18 at 4-5).  Thus, the Court does not address the issue of
21   whether the Bellevue Defendants are entitled to qualified immunity at this time.

22   [4] These claims are dismissed without prejudice because there could be criminal proceedings against Saade
     in the future.

23

(2)   Bellevue Defendants

Saade's Fifth Amendment claim against all Bellevue Defendants is DISMISSED without prejudice for the same reason set forth in B(1)(b) above.

**C.   Counts III and IV: Defendants' motions to dismiss Plaintiff's Fourteenth Amendment claims are GRANTED.**

(1)   State Defendants

(a)   All Saade's Fourteenth Amendment claims against DOH and Fenimore in his official capacity are DISMISSED with prejudice.  Neither state agencies nor state officials acting in their official capacities are persons within the meaning of Section 1983.  *Will*, 491 U.S. at 71.

(b)   Saade's substantive Fourteenth Amendment claims against Fenimore in his individual capacity are DISMISSED with prejudice.  Saade alleges that Defendants "engaged in a conspiracy to set up an 'interview' of Saade under the auspices of the licensing authority of DOH" and "interrogat[ed] Saade to elicit statements to be used against him," thus violating the Fourteenth Amendment. Compl. ¶ 78.  But it is the Fifth Amendment, not the Fourteenth Amendment, that governs Saade's self-incrimination claim.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

(c)      Saade's procedural due process claim[5] against Fenimore in his individual capacity is DISMISSED without prejudice.  To state a procedural due process claim, a plaintiff must allege: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Saade does not allege that Fenimore deprived him of any identifiable liberty or property interest without sufficient process.  *See* Compl. ¶ 65-74.

(2)      Bellevue Defendants

Saade's substantive due process claims against all Bellevue Defendants are DISMISSED with prejudice for the same reason set forth in C(1)(b) above.  Saade's procedural due process claims against all Bellevue Defendants are DISMISSED without prejudice for the same reason set forth in C(1)(c) above.

**D.      Count V: Defendants' motions to dismiss Plaintiff's conspiracy claim are GRANTED.**

(1)      State Defendants

(a)      Saade's conspiracy claim pursuant to Section 1983 against DOH and Fenimore in his official capacity is DISMISSED with prejudice.  Neither state

---

[5] It is unclear whether Saade intended to bring a procedural due process claim, as the two Fourteenth Amendment claims, Counts III and IV, are nearly identical, and Saade does not specifically allege a violation of procedural due process.  The Court thus treats Count III as a procedural due process claim given the slight difference in wording of Counts III and IV.  *Compare* Count III, Compl. ¶ 67 (alleging that "Defendants acted . . . to deprive Plaintiff of the right to due process") *with* Count IV, Compl. ¶ 77 (alleging that "Defendants acted . . . to deprive Plaintiff of the right to ***substantive*** due process) (emphasis added).

1    agencies nor state officials acting in their official capacities are persons within the

2    meaning of Section 1983.  *Will*, 491 U.S. at 71.

3              (b)     Saade's conspiracy claim pursuant to Section 1983 against

4    Defendant Fenimore in his individual capacity is DISMISSED with prejudice.

5    "Conspiracy is not itself a constitutional tort under § 1983 . . . mere proof of a

6    conspiracy is insufficient to establish a section 1983 claim."  *Lacey v. Maricopa*

7    *Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (*quoting Landrigan v. City of*

8    *Warwick*, 628 F.2d 736, 742 (1st Cir. 1980)).  Conspiracy "does not enlarge the

9    nature of the claims asserted by the plaintiff" but may "enlarge the pool of

10   responsible defendants by demonstrating their causal connections to the violation."

11   *Id.*  Plaintiffs use conspiracy claims in Section 1983 claims to draw in private

12   parties or otherwise tenuously connected parties who would otherwise not be

13   susceptible to a Section 1983 action.  *Id.*  Saade thus cannot allege a separate

14   count for conspiracy under Section 1983.

15       (2)    Bellevue Defendants

16       Saade's conspiracy claim against all Bellevue Defendants is DISMISSED with

17   prejudice for the same reason set forth in D(1)(b).

18   **E.    Counts VI and VII: Defendants' motions to dismiss Plaintiff's state**

19   **constitutional claims are GRANTED.**

20       Saade's claims pursuant to the Washington State Constitution are DISMISSED

21   without prejudice as to all Defendants.  There is no legally cognizable cause of action for

22   enforcement of rights protected by the Washington State Constitution "without the aid of

23

ORDER - 10

1   augmentive legislation." *Blinka v. Wash. State Bar Ass'n*, 109 Wn. App. 575, 591,

2   36 P.3d 1094, 1102 (2001).  Citing none, Saade fails to state a cause of action for

3   damages based on the alleged state constitutional violations.  Saade also appears to

4   concede his Washington State Constitutional claims by failing to respond to Defendants'

5   arguments.  *See* docket 14 at 16 and docket 15 at 19.[6]

6   **F.    Counts VIII and IX[7]: Defendants' motions to dismiss Plaintiff's negligence**

7   **claims are GRANTED.**

8          (1)    State Defendants

9          Saade's negligence claims against the State Defendants are DISMISSED with

10  prejudice.  The State Defendants are immune from suit under RCW 18.130.300.[8]

11         (2)    Bellevue Defendants

12         Saade's negligence claims against all Bellevue Defendants are DISMISSED

13  without prejudice.  Negligence actions against municipalities and their employees are

14  subject to the Public Duty Doctrine.  In Washington, the public duty doctrine defines the

15  four instances under which a governmental entity may be found to owe a statutory or

16

17

18  [6] To the extent Saade requests to amend his complaint to allege a common law claim for invasion of privacy (docket 14 at 16 and docket 15 at 19), he may not do so in a brief in opposition to a motion to dismiss.  The Court directs Plaintiff to Federal Rule of Civil Procedure 15.

19  [7] Saade subsumes both his negligent and intentional infliction of emotional distress allegations under Count IX.  Compl. ¶ 108-112.  Because they are different legal claims and are barred for different reasons, the Court addresses them separately.

20  [8] Saade argues that RCW 18.130.300 is inapplicable to Defendant Fenimore because he exceeded the scope of his duty as a DOH investigator.  Docket 15 at 19-20.  Saade fails to allege sufficient facts to

21  support this assertion.  Moreover, this assertion directly contradicts the allegations in his complaint.  *See* Compl. ¶¶ 102, 105, and 111 (alleging Fenimore's conduct occurred "while in the exercise of [his]

22  governmental duties and services" and "within the course and scope of employment").

23

ORDER - 11

1   common law duty to a particular member of the public: (i) legislative intent, (ii) failure to

2   enforce, (iii) the rescue doctrine, or (iv) a special relationship.  *See Cummins v. Lewis*

3   *County*, 156 Wn.2d 844, 853 & n.7, 133 P.3d 458 (2006).  If one of these four

4   "exceptions" does not apply, then no liability may be imposed for a public officer's

5   negligent conduct, based on the reasoning that a duty was not owed specifically to the

6   individual plaintiff, as opposed to the public in general.  *Id.* at 852.

7          Saade has not asserted any one of these four exceptions.  He does not allege the

8   existence of any applicable regulatory statute that evidences "a clear legislative intent to

9   identify and protect a particular and circumscribed class of persons," *see Honcoop v.*

10  *State*, 111 Wn.2d 182, 188, 759 P.2d 1188 (1988); he does not identify any statute

11  showing that Defendants were responsible for enforcing and failed to enforce despite

12  actual knowledge of a violation thereof, *see id.* at 190 (citing *Bailey v. Town of Forks*,

13  108 Wn.2d 262, 268, 737 P.2d 1257 (1987)); he does not allege that Defendants assumed

14  a duty to warn or come to his aid, *see Bailey*, 108 Wn.2d at 268; and he does not allege

15  that a public official gave him "express assurances" upon which he could have justifiably

16  relied to his detriment sufficient to show a "special relationship."  *See Cummins*, 156

17  Wn.2d at 854.

18

19

20

21

22

23

**G.     Count IX: Defendants' motions to dismiss Plaintiff's intentional infliction of emotional distress claim are GRANTED.**

(1)     State Defendants

Saade's intentional infliction of emotional distress claim against all State Defendants is DISMISSED with prejudice.  Both Defendants are immune from suit under RCW 18.130.300.

(2)     Bellevue Defendants

Saade's intentional infliction of emotional distress claim against all Bellevue Defendants is DISMISSED without prejudice.  Plaintiff has not alleged sufficient facts showing that Defendants' actions constituted "extreme and outrageous conduct" causing "intentional or reckless inflection of emotional distress" or that Saade experienced severe emotional distress resulting from Defendants' conduct.  *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003).

**H.     Count X: Defendant DOH's Motion to Dismiss Plaintiff's Public Records is GRANTED.**

The Court DECLINES to exercise supplemental jurisdiction over Saade's Public Records State law claim against Defendant DOH.  *See* 28 U.S.C. § 1367.  This claim is DISMISSED without prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The Bellevue Defendants' Motion to Dismiss, docket no. 8, is GRANTED in part and DENIED in part as follows:

1           (a) The Bellevue Defendants' Motion to Dismiss is DENIED as to

2               Plaintiff's Fourth Amendment claim (Count I).

3           (b) The Bellevue Defendants' Motion to Dismiss is GRANTED as to

4               Counts II, III, and VI-IX. Counts II, III, and VI-IX are DISMISSED

5               without prejudice.

6           (c) The Bellevue Defendants' Motion to Dismiss is GRANTED as to

7               Counts IV and V.  Counts IV and V are DISMISSED with prejudice.

8    (2)    The State Defendants' Motion to Dismiss, docket no. 9, is GRANTED in

9          part and DEFERRED in part as follows:

10          (a) The Court's ruling on the State Defendants' Motion to Dismiss

11              Plaintiff's Fourth Amendment claim (Count I) against Defendant

12              Fenimore in his individual capacity is DEFERRED.  The State

13              Defendants' Motion to Dismiss Count I is otherwise GRANTED.

14              Count I against Defendant Fenimore in his official capacity and

15              Defendant DOH is DISMISSED with prejudice.

16          (b) The State Defendants' Motion to Dismiss Counts II and III is

17              GRANTED.  Counts II and III against Defendant Fenimore in his

18              individual capacity are DISMISSED without prejudice.  Counts II and

19              III against Defendant Fenimore in his official capacity and Defendant

20              DOH are DISMISSED with prejudice.

21

22

23

(c) The State Defendants' Motion to Dismiss Counts IV, V, VIII, and IX is GRANTED.  Counts IV, V, VIII, and IX are DISMISSED with prejudice as to all State Defendants.

(d) The State Defendants' Motion to Dismiss Counts IV and VII is GRANTED.  Counts VI and VII are DISMISSED without prejudice as to all State Defendants.

(e) Count X is DISMISSED without prejudice as to Defendant DOH.

(3)    All Plaintiff's claims as to Does 1-10 are DISMISSED without prejudice.

(4)    Any Amended Complaint shall be filed within thirty (30) days of the date of this Order.  Defendants' answers or responsive pleadings are due within fourteen (14) days after any Amended Complaint is filed, but in no event later than November 1, 2019.  Fed. R. Civ. P. 15(a)(3).

(5)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of September, 2019.

Thomas S. Zilly
United States District Judge

ORDER - 15