UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER RYAN SAADE,<br><br>    Plaintiff,<br><br>  v.<br><br>TIMOTHY J. FENIMORE, in his individual capacity as an agent of the DEPARTMENT OF HEALTH, THE CITY OF BELLEVUE, a Washington municipal corporation, ELLEN M. INMAN, individually and in her official capacity as an officer of the CITY OF BELLEVUE POLICE DEPARTMENT, and RACHEL M. NEFF, individually and in her official capacity as an officer of the CITY OF BELLEVUE POLICE DEPARTMENT, jointly and severally,<br><br>    Defendants. | C19-470 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the deferred portion of the Motion to Dismiss brought by Defendant Timothy J. Fenimore ("Fenimore"), docket no. 9, Defendant Fenimore's Second Motion to Dismiss, docket no. 28, and the Second Motion to Dismiss, docket no. 29, brought by the City of Bellevue, Ellen M. Inman ("Inman"), and Rachel M. Neff ("Neff") (hereinafter "Bellevue Defendants"). Having reviewed all

papers filed in support of and in opposition to the motions, the Court enters the following order.

**<u>Background</u>**

By Order dated September 18, 2019, docket no. 22, in connection with Defendants' Motions to Dismiss, the Court dismissed portions of Plaintiff's original complaint without prejudice, allowing Plaintiff an opportunity to replead those claims. The Court deferred ruling relative to Plaintiff's Fourth Amendment claim against Defendant Fenimore and directed Plaintiff to file a brief on the issue of qualified immunity. Docket no. 23. In response, Plaintiff filed a supplemental brief. Docket no. 27. Plaintiff has now filed an Amended Complaint ("AC"), realleging certain claims that the Court previously dismissed without prejudice as well as the deferred claim. Docket no. 25.

Because the parties are familiar with the facts of the case, they are not recited here in great detail. *See* Order (docket no. 22 at 2-3). In the Amended Complaint, Plaintiff Christopher Ryan Saade ("Saade" or "Plaintiff") alleges that Defendant Fenimore, an agent of the State of Washington Department of Health ("DOH"), and the Bellevue Defendants violated his civil rights when they interviewed him together for parallel DOH and criminal investigations. AC ¶¶ 47-48; 56-58. After DOH's investigation, DOH placed Plaintiff's professional license on probationary status. *Id.* ¶¶ 41-42. Plaintiff alleges that these Defendants did not inform him that there was an ongoing parallel criminal investigation until after they jointly interviewed him. *Id.* ¶¶ 31-32. All Defendants now move to dismiss Plaintiff's Amended Complaint.

## Discussion

### A. **Rule 12(b)(6) Standard**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. **Claims Against Defendant Fenimore**

The doctrine of qualified immunity protects government officials from liability for civil damages unless: (i) the facts, taken "in the light most favorable" to the party asserting injury, show that the state actor violated a constitutional right; and (ii) when all

inferences from the evidence are drawn "in the light most favorable" to the party asserting injury, the constitutional right in question was "clearly established" at the time of the violation. *See Tolan v. Cotton*, 572 U.S. 650, 655-57 (2014). Whether Defendant Fenimore is entitled to qualified immunity is an issue of law to be decided by the Court, *see Hunter v. Bryant*, 502 U.S. 224, 228 (1991), but the Court may submit the related factual questions to the jury, *see Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017) (citing cases from the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Eleventh, and District of Columbia Circuits).

### a. Fourth Amendment

With regard to the first part of the qualified immunity analysis—whether Defendant Fenimore seized Plaintiff pursuant to the Fourth Amendment—the Court has already ruled that it could not decide as a matter of law that a reasonable person in Plaintiff's circumstances would have felt free to leave the interview with Defendants. *See* Order (docket no. 22 at 6-7).

As to the second question posed under the qualified immunity doctrine, "[a] constitutional right is clearly established if every reasonable official would have understood that what he is doing violates that right." *Rodriguez v. Swartz*, 899 F.3d 719, 728 (9th Cir. 2018) (quotation marks and citation omitted). The court first "'look[s] to … binding precedent.'" *Chappell v. Mandeville*, 706 F.3d 1052, 1056 (9th Cir. 2013) (quoting *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996)). Absent binding precedent, the court should consider all relevant decisional precedent and consider the likelihood that the Supreme Court or the Ninth Circuit would decide the issue in favor of the person

asserting the right. *See Elder v. Holloway*, 510 U.S. 510, 512, 516 (1994); *Osolinski*, 92 F.3d at 936. Although there need not be "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)). A single district court opinion from out of the circuit is insufficient to demonstrate a clearly established right. *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1092 n.1 (9th Cir. 1998).

In its minute order, docket no. 23, the Court directed Plaintiff to address whether the Fourth Amendment right that Defendant Fenimore allegedly violated was "clearly established" at the time of the alleged violation. The Court advised Plaintiff that it may grant the deferred portion of Defendant Fenimore's Motion to Dismiss, docket no. 9, after reviewing any supplemental brief. Plaintiff filed a supplemental brief on October 31, 2019, docket no. 27, in response to the Court's minute order. Plaintiff also addressed the issue of qualified immunity in his Response to Defendant Fenimore's Second Motion to Dismiss, docket no. 30 at 8-11.

Plaintiff relies on *Niemann v. Whalen*, 911 F. Supp. 656 (S.D.N.Y. 1996) in response to the Court's request for briefing. Docket no. 27 at 4-5. In *Niemann*, a bank teller was interviewed simultaneously by a plainclothes officer and a bank security guard regarding missing bank funds. *Id.* at 661-63. The bank teller did not know about the pending criminal investigation, and she was not read her *Miranda* rights before being pressured into giving a confession. *Id.* Plaintiff's reliance on *Niemann* is misplaced. Unlike Plaintiff's allegations in this case, the court in *Niemann* discussed plaintiff's Fifth

and Fourteenth Amendment rights with regard to the parallel interview, **not** her Fourth Amendment right to be free from unreasonable seizure. *See id.* at 667 ("We believe that plaintiff's contentions are properly understood as alleging a violation of her Fifth or Fourteenth Amendment rights to be free from the coercion of a confession, rather than as a violation of her Fourth Amendment right to be free from the unreasonable seizure of her person."). Moreover, the *Niemann* court actually *granted* Summary Judgment for defendant on plaintiff's Fourth Amendment claim to the extent it was based on an alleged seizure at the plaintiff's interview. *Id.* at 666-67 ("To the extent that plaintiff's [Fourth Amendment claims] are based on the fact that she was interviewed, defendants are entitled to summary judgment dismissing those claims."). [1] This Court cannot conclude that the Supreme Court or the Ninth Circuit would decide the issue in favor of Plaintiff," *Elder*, 510 U.S. at 512, 516, or that the existence of *Niemann* places the statutory or constitutional question beyond debate. *Foster*, 908 F.3d at 1210 (quoting *Kisela*, 138 S. Ct. at 1152).

Moreover, *Niemann* is a single, out of circuit district court case. A single district court opinion even in its own circuit is insufficient to demonstrate a clearly established right. *Thomas v. Cty. of Los Angeles*, 703 Fed. Appx. 508, 512 (9th Cir. 2017). [2]

---

[1] *Niemann* was appealed to the Second Circuit on other grounds. *See* 107 F.3d 3 (2d. Cir. 1997). After the court's ruling on summary judgment, a jury found that the defendants had violated plaintiff's Fifth Amendment rights by coercing her confession. *Niemann v. Whalen*, 928 F. Supp. 296, 298 (S.D.N.Y. 1996), *aff'd*, 107 F.3d 3 (2d Cir. 1997). The court denied the police investigator's motion for judgment as a matter of law, and the Second Circuit affirmed. *See Niemann*, 107 F.3d at 3.

[2] Even courts in the Southern District of New York performing the qualified immunity analysis have rejected *Niemann* as binding precedent. *See Bowman v. City of Middletown*, 91 F. Supp. 2d 644, 661 (S.D.N.Y. 2000).

After reviewing the relevant briefing, the Court finds that Plaintiff has not carried his burden of "point[ing] to prior case law that articulates a constitutional rule specific enough to alert the[] [Defendant] in this case that their particular conduct was unlawful." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1137 (2018) (quoting *Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017)). Plaintiff's Fourth Amendment claim against Defendant Fenimore is DISMISSED.

### b. Fourteenth Amendment

Plaintiff also alleges in the Amended Complaint that Defendant Fenimore violated his due process rights as a result of the interview at issue. The Court concludes that Plaintiff has not met his burden in establishing that the Fourteenth Amendment right that Defendant Fenimore allegedly violated was clearly established at the time of the alleged violation. Plaintiff cites two cases in support of finding a clearly established due process right—*Niemann*, 911 F. Supp. 656 and *Jones v. State*, 170 Wn. 2d 338 (2010). As stated in Section B(a), *supra*, *Niemann* is a single, out of circuit district court case that is not even binding precedent in its own circuit. The Court declines to rely on *Niemann* to find that the Fourteenth Amendment right Defendant Fenimore allegedly violated was clearly established. Plaintiff also cites *Jones v. State* to support his due process claim. The Washington Supreme Court found that a procedure "based on a fabricated emergency" is inherently defective and implicates a party's due process rights. *Jones*, 170 Wn. 2d at 351. *Jones* does not involve a discussion of whether a parallel criminal and civil

investigation (as is the case here) violates due process.  *Jones* is also insufficient to create

a clearly established right that was violated.[3]

Defendant Fenimore is therefore entitled to qualified immunity on both counts.

The Court GRANTS the deferred portion of Defendant Fenimore's Motion to Dismiss

and Defendant Fenimore's Second Motion to Dismiss.  Plaintiff's claims against

Defendant Fenimore are dismissed with prejudice.[4]

### C. <u>Fourth and Fourteenth Amendment Claims Against the City of Bellevue</u>

Plaintiff alleges that the Bellevue Defendants "acted pursuant to an expressly

adopted official policy or a widespread or longstanding practice or custom" of the City of

Bellevue and "advanced the policy, practice, or custom that permitted subordinates to

commit constitutional violation[s], acquiesced in the constitutional deprivation by

subordinates, and/or developed policies, training, and supervision that failed to prevent

_____

[3] The 9th Circuit addressed the constitutionality of parallel criminal and civil investigations in *U.S. v. Stringer*, 535 F.3d 929 (9th Cir. 2008), a case neither party cites in the briefs.  In *Stringer*, the 9th Circuit stated that the Supreme Court has "emphatically upheld the propriety of such parallel investigations," and "the government may conduct parallel civil and criminal investigations without violating the due process clause, so long as it does not act in bad faith." *Id.* at 936-37.  An example of government bad faith is where a civil interview is a "pretext" for a criminal investigation. *Id.* at 939.  The *Stringer* court found that a civil investigation was not pretextual where the SEC's civil investigation was opened first and led to the SEC's civil enforcement jurisdiction. *Id.*  The same is true in this case.  The DOH began its civil investigation first and then pursued administrative sanctions pursuant to its findings.  AC ¶¶ 19; 21.  To date, the Bellevue Police Department has not brought criminal charges.  The civil interview was therefore not mere "pretext" for the criminal investigation performed by the Bellevue Defendants.  Even considering *Stringer*, the Supreme Court or the Ninth Circuit would not decide the issue in favor of Plaintiff. *See Elder*, 510 U.S. at 512, 516.  *Stringer* also does not place the statutory or constitutional question beyond debate for the purposes of qualified immunity. *See Foster*, 908 F.3d at 1210 (quoting *Kisela*, 138 S. Ct. at 1152).

[4] The Court declines to give Plaintiff an additional opportunity to amend his complaint with regard to the claims against Defendant Fenimore.  Plaintiff has had multiple opportunities to address whether the constitutional rights allegedly violated were clearly established but has repeatedly failed to do so. *See, e.g.*, Response to Defendant Fenimore's Motion to Dismiss (docket no. 15); Amended Complaint (docket no. 25); Plaintiff's Brief Regarding Clearly Established Fourth Amendment Right (docket no. 27); Response to Defendant Fenimore's Second Motion to Dismiss (docket no. 30).

violations of law and/or failed to adequately train its employees and agents." AC ¶¶ 49-50; 61-62.

Plaintiff has not met the standards for pleading a plausible *Monell*-based constitutional claim against the City of Bellevue. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Municipal liability attaches under *Monell* only if (1) the municipal employee acted pursuant to a policy, custom or practice, (2) the individual who committed the constitutional tort was an official with final policy making authority, or (3) such an official ratified a subordinate's unconstitutional action. *Id.* at 690. Plaintiff has failed to plead sufficient facts in the Amended Complaint relating to the City of Bellevue's liability based on *Monell*. Barebones allegations that the actions of individual defendants were performed pursuant to an established policy of the municipal defendant or as a result of a failure to train cannot survive a motion to dismiss. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). The mere recitation of the elements of a *Monell* claim here does not include enough underlying facts to give the City of Bellevue fair notice of the claim. *Id.* at 637. However, the Court must allow Plaintiff an opportunity to cure the deficiency in his *Monell* claim.[5] *Id.*

---

[5] Plaintiff alleges that the fact that "[t]his was not the only time that Fenimore had worked in close conjunction with law enforcement" shows a pattern and practice sufficient for municipal liability. AC ¶ 33. This vague and unsupported fact is insufficient to support Plaintiff's municipal liability claims. Plaintiff alleges that the Bellevue Defendants collaborated with DOH frequently and that Plaintiff made public records requests "to obtain evidence to demonstrate the pattern and practice of the two Defendant agencies." Plaintiff's Response to the Bellevue Defendants' Second Motion to Dismiss, docket no. 34 at 14. The Court thus gives Plaintiff leave to amend his Fourth and Fourteenth Amendment claims against the City of Bellevue to add facts supporting a plausible municipal liability claim.

1    Plaintiff's Fourth and Fourteenth Amendment *Monell*-based claims (Counts I and

2    II) against the City of Bellevue are dismissed without prejudice.

3    **D.  Fourth Amendment Claim Against Defendants Inman and Neff**

4        As the Court stated in its order, docket no. 22, whether the Defendants Inman and

5    Neff violated Saade's Fourth Amendment right involves genuine issues of material fact.

6        Defendants Inman and Neff now contend that Plaintiff's new allegation that

7    Defendant Inman told him he was "free to leave at any point if you want to" should

8    change the Court's conclusion in its previous order denying Defendant's Motion to

9    Dismiss as to the Fourth Amendment claim.[6]  AC ¶ 36.  Whether a person was told they

10   were free to leave is not dispositive of a Fourth Amendment claim.  *United States v.*

11   *Craighead*, 539 F.3d 1073, 1088 (9th Cir. 2008) ("The mere recitation of the statement

12   that the suspect is free to leave or terminate the interview, however, does not render an

13   interrogation non-custodial *per se*.").  Assuming the truth of Plaintiff's allegations and

14   drawing all reasonable inferences in his favor, the Court concludes that material issues of

15   fact preclude summary judgment on this issue.

16       Defendants Inman and Neff's Motion to Dismiss Plaintiff's Fourth Amendment

17   Claim is DENIED.

---

21   [6] The Court notes that the Bellevue Defendants' argument in the Motion focuses on whether Plaintiff was
     seized, not whether that seizure was unreasonable.  *See* docket no. 29 at 6 ("The Fourth Amendment
22   claim fails, because there was no seizure."); docket no. 35 at 3 ("Mr. Saade hasn't adequately pleaded a
     Fourth Amendment claim, because he hasn't alleged any facts from which it could plausibly be inferred
23   that he was seized.").  Thus, the Court does not address the reasonableness of any alleged seizure.

**E. Fourteenth Amendment Procedural Due Process Claim Against Defendants Inman and Neff**

To state a procedural due process claim, a plaintiff must allege: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

The Court dismissed Plaintiff's Fourteenth Amendment procedural due process claim with leave to amend. Plaintiff now alleges in the Amended Complaint that Defendants Inman and Neff violated his due process rights when they conducted the parallel interview with Defendant Fenimore, coerced statements out of him, and that he was deprived of "his rights to maintain his unblemished occupational license and deprived of his ability to pursue his chosen profession." AC ¶ 59.[7] Plaintiff's professional license is presently in a probationary status while he exhausts his administrative remedies. *Id.* ¶ 42. Plaintiff states a Fourteenth Amendment claim against Defendants Inman and Neff.

A professional license is a property interest protected by the Constitution. *Mishler v. Nevada State Bd. of Med. Examiners*, 896 F.2d 408, 409-10 (9th Cir. 1990); *Gallo v. U.S. Dist. Court For Dist. of Arizona*, 349 F.3d 1169, 1179 (9th Cir. 2003) (applying procedural due process analysis to revocation of California State Bar license because a

---

[7] Many of the facts in Plaintiff's Amended Complaint Fourteenth Amendment relate to the Fifth or Fourth Amendments. *See* AC ¶¶ 57, 59 (allegations that Plaintiff was "deprived of the right to remain silent and not to make statements that could be used against him"; "restrained in a manner in which he did not feel free to leave"; and not "informed of his *Garrity* rights"). The analysis in this order only pertains to Plaintiff's Fourteenth Amendment allegations as they relate to the deprivation of his professional license without due process.

"professional license, once conferred, constitutes an entitlement subject to constitutional protection"). Probation of a professional license is a deprivation of the interest by the government.

The question is thus whether Defendants' dual criminal-civil interview of Plaintiff constituted a lack of process.[8] Generally, "the government may conduct parallel civil and criminal investigations without violating the due process clause." *United States v. Stringer*, 535 F.3d 929, 936 (9th Cir. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 11 (1970)). However, due process rights may be implicated in a dual investigation where consent was "induced by fraud, deceit, trickery or misrepresentation." *United States v. Heine*, 2016 WL 6808595, at *13 (D. Or. Nov. 17, 2016) (quoting *United States v. Peters*, 153 F.3d 445, 451 (7th Cir. 1998)). Plaintiff alleges that Defendants deceived him when they coerced his participation in the interview and hid the existence of the criminal complaint from him until after the interview ended. AC ¶¶ 31; 36; 39; 59. Assuming the truth of the Plaintiff's allegations and drawing all reasonable inferences in his favor, the facts in the Amended Complaint state a plausible ground for relief on Plaintiff's due process claim. The Bellevue Defendant's Second Motion to Dismiss the due process claim is DENIED as to Defendants Inman and Neff.

---

[8] Defendant Inman and Neff note that Plaintiff "doesn't allege that Bellevue or its detectives conducted the administrative proceeding or used the statements against him." Docket 35 at 4. It is not necessary that a Defendant took away the liberty interest. Rather, the causation element for a § 1983 claim is met if the plaintiff shows the defendant official set in motion a series of acts by others which the official knew or reasonably should have known would cause others to inflict the constitutional injury. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1078 n.22 (9th Cir. 2013) (quotation marks and citation omitted). Plaintiff alleges that the Bellevue Defendants' dual interview "set in motion" the administrative proceedings that resulted in the constitutional injury—the probation of his license. Thus, Plaintiff has alleged causation under § 1983.

**F. Negligence Claim Against Bellevue Defendants**

The Court previously dismissed Plaintiff's negligence claims against the Bellevue Defendants without prejudice for failure to allege a statutory exception to the Public Duty Doctrine. *See* Order, docket no. 22 at 11-12. In this case, the only exception upon which plaintiff might rely is a "special relationship." To establish a special relationship creating an actionable duty on the part of a governmental entity, a plaintiff must show: (i) the plaintiff had direct contact or privity with a public official, thereby setting the plaintiff apart from the general public; (ii) the public official gave "express assurances" to the plaintiff; and (iii) the plaintiff justifiably relied on such express assurances to his or her detriment. See *Cummins v. Lewis County*, 156 Wn.2d 844, 854 (2006). Plaintiff has alleged no facts in the Amended Complaint of any "express assurances" by a public official upon which he could have justifiably relied to his detriment.

In the Amended Complaint, Plaintiff alleges that the Bellevue Defendants "had direct contact with Saade in a manner that set him aside from the general public." AC ¶ 67. Namely, Defendant Inman gave Plaintiff "express assurances that their presence . . . was 'normal'" and "done in an effort to be 'courteous.'" *Id.* ¶ 68. Plaintiff alleges he justifiably relied on these express assurances and that as a result, he was "set apart from the general public." *Id.* ¶ 69.

However, Plaintiff has not alleged express assurances. Express assurances must be unequivocal. *Vergeson v. Kitsap County*, 145 Wn. App. 526, 539 (2008). Plaintiff cites *Noakes v. City of Seattle*, in which a 911 operator gave express assurances to the caller that they would "send someone out." 77 Wn. App. 694 (1995). In that case, the

court found that "we'll send someone out" could be construed by a reasonable trier of fact as an "express and explicit assurance that police would be right out" sufficient to constitute the special relationship exception to the public duty doctrine. Here, however, there are no allegations that Defendants Inman and Neff made specific statements or promises about how material from the interview would be used. Defendant Inman merely said the interview was "normal" and that she was trying to be "courteous." Those statements were not express assurances, and they cannot be construed as promises under the special relationship exception to the public duty doctrine. Plaintiff's negligence claim against the Bellevue Defendants is now DISMISSED with prejudice.[9]

## Conclusion

For the foregoing reasons, the Court ORDERS:

(1)    The deferred portion of Fenimore's Motion to Dismiss, docket no. 9, is GRANTED. Defendant Fenimore's Second Motion to Dismiss, docket no. 28, is GRANTED. All claims against Defendant Fenimore are DISMISSED with prejudice.

(2)    The Bellevue Defendants' Second Motion to Dismiss, docket no. 29, is GRANTED in part and DENIED in part as follows:

    (a) Plaintiff's Fourth and Fourteenth Amendment claims against the City of Bellevue are DISMISSED without prejudice.

---

[9] Plaintiff has had multiple opportunities to plead an exception to the public duty doctrine but has failed to do so. The Court dismisses Plaintiff's negligence claim with prejudice as to all Bellevue Defendants.

1    (b) Plaintiff's Negligence claim against all Bellevue Defendants is

2     DISMISSED with prejudice.

3    (c) The Bellevue Defendants' Motion is DENIED with respect to the

4     Fourth and Fourteenth Amendment claims against Defendants Inman

5     and Neff.

6  (3) Any Amended Complaint shall be filed within thirty (30) days of the date

7   of this Order.  The Bellevue Defendants' answers or responsive pleadings

8   are due within fourteen (14) days after any Amended Complaint is filed,

9   but in no event later than February 14, 2020.

10  (4) <u>Summary of Remaining Claims:</u>

11   (a) Fourth Amendment claim against Defendants Inman and Neff.

12   (b) Fourteenth Amendment claim against Defendants Inman and Neff.

13  (5) The Clerk is directed to send a copy of this Order to all counsel of record.

14  IT IS SO ORDERED.

15  Dated this 27th day of December, 2019.

16

17

18        Thomas S. Zilly
          United States District Judge

19

20

21

22

23